UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANGELA D'ALESSANDRO and ROCKY
D'ALESSANDRO, an Individual

    Plaintiffs,

v.                                            Case No.:  2:19-cv-686-FtM-38MRM

CINTAS CORPORATION NO. 2,

    Defendant.
_____/

### **ORDER**[1]

Before the Court is Defendant Cintas Corporation No. 2's Notice of Removal. (Doc. 1). Plaintiffs Angela and Rocky D'Alessandro sue Cintas for an alleged trip and fall over a rug at the entrance of a Big Lots store located in Fort Myers, Florida. (Doc. 1 at 7-8). The D'Alessandro's also sue Cintas for loss of consortium. (Doc. 1 at 9). The case was originally filed in Illinois state court. Cintas then removed to the District Court for the Northern District of Illinois. Finally, the case was transferred to this Court, which now reviews the Notice of Removal. (Doc. 1).

Removal permits a defendant to move a case from state court to a federal district court when the federal court has original subject matter jurisdiction over the suit. 28

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

U.S.C. § 1441(a). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly" and resolve "all doubts about jurisdiction . . . in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (citations omitted). Diversity is one type of original jurisdiction. And a federal court has diversity jurisdiction if the amount in controversy exceeds $75,000 and the parties are citizens of different states. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). Here, the amount in controversy requirement is problematic because Cintas has not met its burden to demonstrate the amount in controversy exceeds $75,000.

"If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). But neither the Complaint nor Notice of Removal pleads an amount in controversy. The Complaint's only attempt to plead an amount in controversy is a statement by counsel that "the damages sought to this action do exceed $50,000." (Doc. 1 at 9). Even accepting this allegation as true, it is below the threshold amount in controversy. See *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

The Notice of Removal similarly falls flat. Cintas merely alleges that the "claimed amount in controversy is in excess of $75,000." (Doc. 1 at 2). But such a conclusory statement is insufficient. "[W]here a claim is made for indeterminate damages . . . the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the

jurisdictional minimum." *King v. Epstein*, 167 Fed. Appx. 121, 123 (11th Cir. 2006) (citation omitted). "A conclusory allegation that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the plaintiff's burden." *Bradley v. Kelly Servs.*, 224 Fed. Appx. 893, 895 (11th Cir. 2007) (alterations accepted and citation omitted); *see also Federated Mut. Ins. v. McKinnon Motors, LLC*, 329 F.3d 805, 809 (11th Cir. 2003) (noting that a party's mere speculation that the amount in controversy met the jurisdictional threshold did not satisfy its burden of proving by a preponderance of the evidence the claim at issue exceeded $75,000). Without a sufficiently pleaded amount in controversy, the Court is left to guess whether it has jurisdiction over this suit.

Accordingly, it is now

**ORDERED:**

Defendant must **SHOW CAUSE** on or before **October 7, 2019**, as to why this case should not be remanded for lack of subject matter jurisdiction. **Failure to comply with this Order will result in this matter being remanded without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 23rd day of September, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record